IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | |
|---|---|
| PETER SHANKS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CV 110-045 |
| ) | |
| JOHN E. POTTER, Postmaster General, ) | |
| USPS, and FREDRIC V. ROLAND, ) | |
| President, National Letter Carriers, ) | |
| ) | |
| Defendants. ) | |

___

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

___

Plaintiff filed the above-captioned employment case *pro se* and is proceeding *in forma pauperis* ("IFP"). As Plaintiff's complaint was filed IFP, it must be screened to protect potential defendants.[1] Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984). Pleadings drafted by *pro se* litigants must be liberally construed, Haines v. Kerner, 404 U.S. 519, 520-21 (1972) (*per curiam*), but the Court may dismiss a complaint, or any part thereof, that is frivolous or malicious or that fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(i) & (ii).

___

[1] Before Plaintiff's complaint could be screened in conformity with the IFP statute, see 28 U.S.C. § 1915(e)(2)(B)(i) & (ii), Plaintiff attempted to serve Defendants with a copy of his complaint. (See doc. no. 6). Defendant Fredric V. Roland has now filed a motion to dismiss. (See doc. no. 10). However, for the reasons explained in further detail below, this motion is premature and should be deemed moot, and the Court accordingly proceeds to screen Plaintiff's complaint as required by the IFP statute.

# I. BACKGROUND

Plaintiff's complaint indicates that he was formerly employed by the United States Postal Service ("USPS") in Augusta, Georgia. According to Plaintiff, he requested leave in June 2008 to take care of his wife, who Plaintiff states has a "serious life threaten[ing] illness." (Doc. no. 1, p. 4, ¶1). However, he was purportedly told that he was not eligible for leave under the Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2601 *et seq.*, and was charged with being absent without leave when he took time off. (Id. ¶¶ 1, 9). At some point, Plaintiff's employment was terminated, presumably for taking unapproved leave. Pursuant to a collective bargaining agreement ("CBA") between the USPS and the National Association of Letter Carriers ("NALC"), Plaintiff was represented by the NALC during the grievance process challenging his termination. (See id. ¶ 12). However, Plaintiff alleges that he was not properly represented during this process, contending that he was not interviewed during the investigation and that he was not allowed to "participate in the process." (Id. ¶¶ 3, 6). Plaintiff further contends that a woman named Barbara Maddox of the NALC represented him during the "Formal Step A" level of the grievance process. (Id. ¶ 6). However, according to Plaintiff, Ms. Maddox did not contact Plaintiff to obtain necessary medical documentation regarding Plaintiff's absences from work, despite Plaintiff's numerous attempts to contact her. (Id.).

Plaintiff apparently received an unfavorable decision at the Formal Step A level, and he further alleges that USPS and NALC representatives "did not follow grievance procedures" at the "Formal Step B" level of the grievance process. (Id. ¶ 8). Plaintiff contends that he was not allowed to participate at this level either and that arbitration was not

requested. (Id.). Plaintiff further complains that the removal decision made at the Formal Step B level on December 29, 2008, was later "back dated" by a judge for the Merit Systems Protection Board ("MSPB") to an effective date of September 13, 2008, thereby making "all appeals untimely." (Id. ¶¶ 8, 10). Plaintiff also alleges that there was an unspecified delay in notifying him of the removal decision at the Formal Step B level. (Id. ¶ 8).

Plaintiff goes on to state that he appealed this decision to the MSPB but contends that Christopher Pearson, a USPS representative, failed to send "the complete removal packet" to the MSPB while his appeal was pending. (Id. ¶ 11). Plaintiff states that he received notice of the "final decision" regarding his appeal on February 5, 2009, and received his removal packet on February 7, 2009. (Id. ¶ 5).

## II. DISCUSSION

In this case, Plaintiff contends that following the termination of his employment with the USPS, he was "misrepresented" at various levels of the grievance process by USPS and NALC representatives. From these allegations, the Court surmises that Plaintiff is attempting to state a claim against his employer for breach of the CBA and against the union for breach of its duty of fair representation, which constitutes what is referred to as a "hybrid § 301/fair representation claim."[2] See Coppage v. U.S. Postal Serv., 281 F.3d 1200, 1204 (11th Cir. 2004) (citing DelCostello v. Int'l Bhd. of Teamsters, 462 U.S. 151, 164 (1983)). However, it is well-settled that such claims are subject to a six-month statute of limitations, DelCostello, 462 U.S. at 169-72, which is tolled while the plaintiff pursues internal union

---

[2]The reference to "§ 301" refers to § 301 of the Labor Management Relations Act. See Labor Management Relations Act, ch. 120, 61 Stat. 136 (1947) (codified as amended at 29 U.S.C. §§ 141-187 (1996)).

3

remedies, Steward v. Int'l Longshoreman's Ass'n, 306 Fed. App'x 527, 530 (11th Cir. 2009) (*per curiam*). Accordingly, in such cases, the statute of limitations begins to run from the time of final action by the union or the employer, whichever is later. Proudfoot v. Seafarer's Int'l Union, 779 F.2d 1558, 1559 (11th Cir. 1986) (citation omitted). That said, the statute of limitations may be equitably tolled in the case of fraudulent conduct. See Hood v. Sweetheart Cup Co., 816 F. Supp. 720, 727-28 (S.D. Ga. 1993) (applying equitable tolling principles to hybrid §301/fair representation case because "[t]he doctrine of fraudulent concealment is read into every federal statute of limitations" (citing Holmberg v. Armbrecht, 327 U.S. 392, 396-97 (1946))).

According to Plaintiff, the acts of misrepresentation occurred at various points in 2008 and 2009. However, as Plaintiff was pursuing internal union remedies, the statute of limitations was tolled until Plaintiff received notice of the final action on his grievance. See Proudfoot, 779 F.2d at 1559. Plaintiff states that he was notified of the final decision on February 5, 2009 and that he received the removal packet in the mail on February 7, 2009. (Doc. no. 1, p. 4, ¶ 5). Thus, under the six-month statute of limitations, Plaintiff had until August 2009 to file this claim in federal court. However, Plaintiff did not file this case until March 2010. (See doc. no. 1, p. 6). While Plaintiff states that he is generally suing for "fraud," the only specific allegation of fraud he makes is against an administrative judge with the MSPB, whom he accuses of changing the effective date of the removal decision made at the Formal Step B level. (Id. at 4, ¶ 10). As Plaintiff has made no allegations of fraud against the USPS or NALC with respect to his § 301/fair representation claim, there is no

basis for equitably tolling the statute of limitations. Accordingly, the Court finds that this claim is time-barred and, pursuant to the IFP statute, should be dismissed.[3, 4]

The Court is of course aware that Defendant Roland has filed a motion to dismiss Plaintiff's hybrid § 301/fair representation claim against him. (See doc. no. 10). While the time for responding to this motion has not yet expired, Defendant Roland's motion to dismiss was premature, as Plaintiff attempted to serve Defendants with his complaint before it had been screened pursuant to the IFP statute. (See doc. no. 6). Indeed, at the time Plaintiff attempted to serve his complaint, the Court had not screened the complaint pursuant to the IFP statute to determine whether Plaintiff had any viable claims against Defendants and which, if any, Defendants should be served. Furthermore, as Plaintiff is proceeding IFP in this action, the United States Marshal "serve[s] all process," not Plaintiff. 28 U.S.C. § 1915(d). As Plaintiff's hybrid § 301/fair representation claim against Defendant Roland and Defendant Potter is due to be dismissed on screening pursuant to the IFP statute and Plaintiff improperly attempted to serve Defendants (prompting Defendant Roland's

---

[3]The Court also notes that to the extent Plaintiff names Fredric V. Roland, President of the NALC, as a Defendant, the Supreme Court has held that individuals cannot be liable for breaches of the duty of fair representation and that the proper defendant in such an action is the union, not its officers or agents. See Atkinson v. Sinclair Refining Co., 370 U.S. 238, 249 (1962) ("The union as an entity, like a corporation, should in the absence of agreement be the sole source of recovery for injury inflicted by it . . . , and this policy cannot be evaded or truncated by the simple device of suing union agents or members, whether in contract or tort, or both, in a separate count or in a separate action for damages . . . ." (internal quotation marks and citations omitted)); see also Covello v. Depository Trust Co., 88 F. Supp. 2d 59, 62 (E.D.N.Y. 2000) (dismissing individual union officers and employees from suit alleging breach of duty of fair representation). Thus, even if Plaintiff's claim was timely, he has named the wrong Defendant.

[4]In a simultaneously entered Order, the Court has directed that service of process be effected on Defendant Potter as to Plaintiff's retaliation claim under the FMLA.

5

premature motion to dismiss), the Court can appropriately recommend that the motion to dismiss be deemed **MOOT**. (Doc. no. 10).

### III. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** that Plaintiff's hybrid § 301/fair representation claim and Defendant Roland be **DISMISSED** from this action pursuant to the IFP statute and that the motion to dismiss, (doc. no. 10), be deemed **MOOT**.

SO REPORTED and RECOMMENDED this 4th day of May, 2010, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE