IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| PETER SHANKS, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | CV 110-045 |
| JOHN E. POTTER, Postmaster General, USPS, and FREDRIC V. ROLAND, President, National Letter Carriers, | ) ) ) ) ) | |
| Defendant. | ) ) | |

**ORDER**

After a careful, *de novo* review of the file, the Court concurs with the Magistrate Judge's Report and Recommendation, to which objections have been filed.[1] Plaintiff has also filed a motion to amend, which presents several of the same arguments contained in his objections. (See doc. no. 19.) While two of Plaintiff's objections merit further comment, they do not change the Court's opinion with respect to the Report and Recommendation.

In his complaint, Plaintiff alleged that he was terminated from his job with the United States Postal Service ("USPS") after taking leave under the Family and Medical Leave Act ("FMLA") to care for his ill wife. (Doc. no. 1, p. 4, ¶¶ 1, 9.) Pursuant to a collective bargaining agreement ("CBA") between the USPS and the National Association of Letter Carriers ("NALC"), the NALC represented Plaintiff during the grievance process challenging

---

[1] Defendant Roland has also filed a response to Plaintiff's objections. (Doc. no. 17.)

his termination. (Id. ¶ 12.) However, according to Plaintiff, he was not properly represented during the grievance process. (Id. ¶¶ 3, 6, 8, 10.) Based on these allegations, the Magistrate Judge found that Plaintiff had *arguably* stated a viable claim against Defendant Potter for retaliation under the FMLA and allowed this claim to proceed. (See doc. no. 15.) However, in a simultaneously filed Report and Recommendation, the Magistrate Judge recommended dismissing Plaintiff's "hybrid § 301/fair representation" claim regarding his employer's alleged breach of the CBA and the NALC's alleged breach of the duty of fair representation during the grievance process. (See doc. no. 13.) Specifically, the Magistrate Judge found that this claim should be dismissed as time barred because Plaintiff did not file this action until after the six-month statute of limitations applicable to such claims expired and that his allegations of fraudulent conduct did not provide a basis for equitably tolling the statute of limitations. (See id. at 3-5 (citations omitted).)

In his objections, Plaintiff contends that he is also asserting a state law claim for breach of a written contract related to his hybrid § 301/fair representation claim. (See doc. no. 16, pp. 1-2.) According to Plaintiff, this state law claim is subject to a statute of limitations that has not yet expired, and thus, he appears to be arguing the Court should consider this state law claim. (See id.) Furthermore, although Plaintiff states that he is also asserting a state law claim for fraud, as explained below, a more thorough reading of Plaintiff's allegations, as well as his motion to amend, reveals that he is attempting to provide a basis for equitably tolling the statute of limitations on the basis of fraudulent conduct. (See id. at 1-2, 4; doc. no. 19.)

With respect to the allegations of fraud Plaintiff makes in his objections, as noted above, the Magistrate Judge found that Plaintiff's prior allegations of fraud were insufficient to warrant equitable tolling of the statute of limitations because they related to alleged conduct by an administrative judge with the Merit Systems Protection Board and not any conduct by the USPS or NALC during the grievance process. (Doc. no. 13, pp. 4-5.) In his objections, Plaintiff now alleges that USPS employees falsified documents relating to his requests for leave under the FMLA and that NALC representatives essentially furthered this fraudulent conduct by not conducting a careful review of these alleged falsified documents during the grievance process. (Doc. no. 16, pp. 3-4.) He then concludes by stating that the "[w]illful wrongdoing, abuse of authority, gross negligence, and/or oversight" by the union representatives "was the cause of . . . any untimely appeal filing." (Id. at 4.) Plaintiff also states in his motion to amend that the statute of limitations "should be void due to the unlawful acts" of the USPS and NALC. (Doc. no. 19, p. 5.)

That said, Plaintiff's new allegations regarding fraudulent conduct against the USPS and NALC do not provide a basis for equitably tolling the statute of limitations. Indeed, Plaintiff alleges that these actions by the USPS and the NALC contributed to the untimely filing of his *appeal*, which the Court construes as Plaintiff's appeal to the Merit Systems Protection Board. However, he does not explain how this alleged fraudulent conduct contributed to the untimely filing of the instant action. As discussed in the Report and Recommendation, Plaintiff's § 301/fair representation claim is subject to a six-month statute of limitations that begins to run from the time of final action by the union or the employer, whichever is later. (Doc. no. 13, pp. 3-4 (citations omitted).) Plaintiff admits that he was

3

notified of the final decision on February 5, 2009, and that he received his removal packet on February 7, 2009. (Doc. no. 1, p. 4, ¶ 5.) However, Plaintiff did not file this case until March 2010, after the six-month statute of limitations had expired. Notably, Plaintiff's allegations of fraudulent conduct relate to conduct during the grievance process, not anything that occurred after the final decision was made that would have affected his ability to timely file this case. Accordingly, Plaintiff's argument that the statute of limitations should be tolled because of fraudulent conduct is without merit, and this objection is **OVERRULED**.

As to Plaintiff's objection regarding a state law breach of contract claim, in order for the Court to exercise supplemental jurisdiction over this claim, "the state and federal claims must derive from a common nucleus of operative facts." United Mine Workers v. Gibbs, 383 U.S. 715, 725 (1966). Here, Plaintiff's state law claim appears to be based on the same set of facts giving rise to the hybrid § 301/fair representation claim. Indeed, the only contract at issue in this action is the CBA between the USPS and the NALC, which is the subject of Plaintiff's § 301/fair representation claim. Accordingly, any state law breach of contract claim necessarily shares a common nucleus of operative facts with the § 301/fair representation claim. However, as noted above, the Court concurs with the Magistrate Judge's recommendation that the § 301/fair representation claim should be dismissed because Plaintiff filed this action after the statute of limitations for such claims expired, and there is no basis for equitably tolling the statute of limitations. While the Magistrate Judge has permitted Plaintiff's FMLA retaliation claim to proceed against Defendant Potter (see doc. no. 15), there is nothing to indicate that any state law breach of contract claim shares a common nucleus of operative facts with this remaining claim. As the § 301/fair

4

representation claim is due to be dismissed, the Court declines to exercise supplemental jurisdiction over any state law breach of contract claim Plaintiff may be attempting to assert, and this objection is also **OVERRULED**.[2]

Accordingly, the Report and Recommendation of the Magistrate Judge is **ADOPTED** as the opinion of the Court. Therefore, Plaintiff's motion to amend is **DENIED** (doc. no. 19), Plaintiff's hybrid § 301/fair representation claim and Defendant Roland are **DISMISSED** from this action pursuant to the *in forma pauperis* statute, and the motion to dismiss (doc. no. 10) is **MOOT**.

SO ORDERED this 2nd day of July, 2010, at Augusta, Georgia.

_____
J. RANDAL HALL
UNITED STATES DISTRICT JUDGE

---

[2]The remainder of Plaintiff's objections are likewise without merit and are also **OVERRULED**.

5